■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE F. LA MERE, Appellant.— Appeal from an order of the County Court of St. Lawrence County which denied, without a hearing, a motion by defendant in the nature of a writ of error *coram nobis* for an order vacating a judgment rendered February 6, 1939 upon defendant's conviction, on a plea of guilty, of the crime of forgery in the second degree. The ground of the application is an alleged failure of compliance with the provisions of sections 471 and 472 of the Code of Criminal Procedure requiring that "After a plea or verdict of guilty * * * the court must appoint a time for pronouncing judgment" (§ 471) and that "The time appointed must be at least two days after the verdict" (§ 472). The record discloses that defendant was sentenced on the day that he pleaded guilty and does not indicate that this summary disposition was made by reason of defendant's waiver of the two-day delay or because the court did not intend to remain longer in session. (§ 472.) The application was properly denied. Tested according to the principles recently restated in *People* v. *Sullivan* (3 N Y 2d 196) this case is not one for *coram nobis*. As in that case, the supposed error was one of law, apparent on the

face of the record, for the redress of which other remedies were available and that of *coram nobis* thus excluded. In view of our conclusion that *coram nobis* does not lie, we do not reach the question as to whether the alleged error, if substantiated upon pursuance of a proper remedy, was of such gravity as to require remand and resentence. In *People* v. *Spencer* (2 A D 2d 930) we withheld consideration of the question "whether a violation of section 472 is sufficient to warrant the vacating of the sentence in a *coram nobis* proceeding" and our present determination of the procedural aspect of the problem, in consonance with the principles defined in *People* v. *Sullivan* (*supra*) leaves open the substantive question involved. Our decision renders unnecessary, also, consideration of whatever question there may be as to the applicability of section 472 to a *plea,* as well as a *verdict,* of guilty. (See *People ex rel. Miller* v. *Martin,* 1 N Y 2d 406; *People* v. *Dalton,* 205 Misc. 755.) Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.